IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERMIE SMALLWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:18-CV-826-MHT |
| ) | [WO] |
| BILL FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this 42 U.S.C. § 1983 action on September 24, 2018. On September 27, 2018, the court entered an order of procedure directing Defendant Franklin to file an answer and special report.[1] Doc. 4. The order also directed Plaintiff to inform the court if he "shall immediately inform the court and Defendant or Defendant's counsel of record of any change in his address." *Id.* at 3, ¶8. The order further advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.* at 3.

On October 15, 2018, Plaintiff's copy of a Recommendation of the Magistrate Judge entered October 3, 2018, was returned to the court marked as undeliverable

---

[1] Plaintiff also named the Elmore County Jail as a defendant. In accordance with the prior proceedings and orders entered, the court dismissed this action against Defendant Elmore County Jail. *See* Docs. 6, 8, 9.

because Plaintiff is no longer housed at the Elmore County Jail. Accordingly, the court entered an order on October 17, 2018, requiring that by October 29, 2018, Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 7. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id.* Plaintiff's copy of the October 17, 2018, order was returned to the court on October 30, 2018, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before November 20, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff party object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 6th day of November, 2018.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE